[Crim. No. 3906.    First Dist., Div. Two.    Sept. 8, 1961.]

THE PEOPLE, Respondent, v. JOHN HIRAM JONES, Appellant.

J. Hector Moreno, under appointment by the District Court of Appeal, for Appellant.

Stanley Mosk, Attorney General, Arlo E. Smith and Derald E. Granberg, Deputy Attorneys General, for Respondent.

DRAPER, Acting P. J.—A jury found defendant guilty of car theft, rape, assault by means of force likely to produce great bodily injury, and kidnapping. The same jury thereafter found him sane at the time of commission of the several offenses. He was sentenced to prison, the terms to run con-

currently, and appeals from the judgment. No issue as to the sanity trial is raised on appeal.

There is evidence that defendant, purporting to be a minister of the gospel, sought to hire a secretary for his church through an employment agency. The agency referred prosecutrix to him. He interviewed her in San Francisco, told her the employment would be down the Peninsula, and arranged for her to meet him in her car to go to the place of employment. She drove him to Redwood City and then, at his direction, went on. As they approached a dirt road, he grabbed the wheel and steered the car into that road. Threatening her with a kitchen knife which he produced, he compelled her to drive along this road until he turned off the motor. Still threatening her with the knife, he raped her. He then took the wheel and drove on for some distance, keeping the knife in his hand. As he started to turn into another dirt road, she jumped from the car and ran. He pursued her, she fell, and he kicked her in the head. She recalled nothing further until she awoke in a hospital the next day. She had been found by a passing motorist on a highway. She was badly beaten and had several skull fractures. Three weeks later defendant was arrested in Arizona for speeding. He was driving prosecutrix' car.

Defendant dismissed several attorneys appointed for him in preliminary proceedings, and insisted upon acting as his own attorney at trial. He did accept the appointment of an attorney to act at trial in an advisory capacity only.

In cross-examination of prosecutrix, defendant showed her a letter purporting to be from her to him. She denied writing it and testified "I did not have it wrote." Objection to his offer of the letter in evidence was sustained. He now argues that it was the duty of the trial judge to aid and advise him as to establishment of a proper foundation for its introduction. The argument is untenable. If it were sound, it is most difficult to see how the foundation could have been established. The letter was marked for identification. On its face, it states "altho a friend of my have pened this letter for me, but the thoughts and words are my own." Obviously, comparison of the handwriting with that of prosecutrix would serve no purpose. Defendant offered no evidence or suggestion as to the identity of the purported amanuensis.

Defendant also asserts error in the admission in evidence of an object described as a pellet gun or air gun found in his possession when he was arrested in Arizona. Since the

only weapon claimed to have been used by defendant in any of the charged offenses was a knife, introduction of the pellet gun was error (*People* v. *Riser*, 47 Cal.2d 566, 577 [305 P.2d 1]), unless, as the prosecution asserts, it tended to support the evidence of flight and consciousness of guilt (*People* v. *Hall*, 199 Cal. 451, 460 [249 P. 859]). We have concluded, however, that even if this was error it was not prejudicial. The nature of the claimed weapon was not such as to persuade any juror that one carrying it was necessarily a person of evil motives. In view of the overwhelming evidence of his guilt of the crimes charged, we see no likelihood that a result more favorable to defendant would have been reached if the gun had been excluded.

The sheriff's inspector who brought defendant from Arizona after his arrest there was called as a prosecution witness. He testified that defendant, during the trip, admitted having sexual intercourse with prosecutrix, but claimed that it was with her consent and at her instance. In presenting his own case, defendant called the same inspector and asked "Isn't it a fact . . . that the defendant did considerable screaming in jail." Objection was sustained. It is now asserted that the question was proper as tending to show the mental condition of defendant when he made the statements earlier testified to. But defendant was in jail for more than five months before trial. Much of that period would be too remote in time to have particular reference to defendant's competence when he made the questioned statements, while en route to jail in California. In any event, the ruling was not prejudicial. In the guise of *voir dire,* defendant had been permitted to interrupt the inspector's direct examination for detailed inquiry as to defendant's mental condition at the time of the trip.

Despite his own efforts, defendant was accorded a fully fair trial.

Judgment affirmed.

Shoemaker, J., concurred.